**Ricardo AYALA–NEGRETE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 10–70837, 13–72305.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2014.*

Filed Sept. 12, 2014.

Ricardo Ayala–Negrete, Glendale, AZ, pro se.

*See* Fed. R.App. P. 34(a)(2).

Thomas A. Lappin, Esquire, Law Office of Thomas A. Lappin, San Diego, CA, for Petitioner.

Oil, Lindsay Williams Zimliki, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

## MEMORANDUM **

Petitioner Ricardo Ayala–Negrete appeals from a final order of removal issued by the Board of Immigration Appeals (BIA), and the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

Ayala–Negrete admits that he falsely claimed United States citizenship in an attempt to gain entry at the border on August 13, 2001. He is therefore inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). Ayala–Negrete argues that this ground of inadmissibility does not apply because he timely retracted his false claim to the first border patrol agent to whom the claim was made. However, a retraction made when disclosure of the falsity is imminent is untimely and does not purge the taint. *Valadez–Munoz v. Holder*, 623 F.3d 1304, 1309–10 (9th Cir.2010). Ayala–Negrete's retraction was not made until the agent ordered him to pull over for further questioning, a point at which disclosure of the falsity was imminent. Substantial evidence supports the BIA's determination that the retraction was untimely. *See Li-*

*anhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir.2014).

Ayala–Negrete's other contentions are unavailing. First, because an immigrant who falsely claims citizenship is not eligible for a waiver of removal based on hardship, Ayala–Negrete cannot obtain relief based on his claim that the immigration judge (IJ) erroneously evaluated his extreme hardship showing. 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1182(i). Second, the BIA and IJ did not violate Ayala–Negrete's due process rights by denying his motion to suppress the testimony of a border patrol officer who allegedly misstated the date of Ayala–Negrete's illegal entry. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 370 (9th Cir.2003) (en banc). Moreover, even if the admission of such evidence were constitutional error, it was not prejudicial, as Ayala–Negrete's own testimony established his inadmissibility. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000). Finally, the BIA did not abuse its discretion in denying Ayala–Negrete's frivolous motion to reopen as untimely given that it was filed nearly two years after the BIA issued its decision. *See* 8 U.S.C. § 1229a(c)(6)–(7).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.